tioner; GARY L. JOHANSEN, Respondent. [796 NYS2d 556]—Per Curiam. Respondent, who was admitted to practice by this Court in 1987, was suspended by this Court's order dated June 15, 2000 for failure to comply with the attorney registration requirements of Judiciary Law § 468-a (273 AD2d 600 [2000]).

Respondent now requests reinstatement on the ground that he has complied with the attorney registration requirements of Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (*see* 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and he is ordered reinstated, effective immediately.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; PAUL R. SCHUBERT, Respondent. [796 NYS2d 557]—Per Curiam. Respondent, who was admitted to practice by this Court in 1987, was suspended by this Court's order dated June 15, 2000 for failure to comply with the attorney registration requirements of Judiciary Law § 468-a (273 AD2d 600 [2000]).

Respondent now requests reinstatement on the ground that he has complied with the attorney registration requirements of Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (*see* 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and he is ordered reinstated, effective immediately.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; MICHELE HERVIEUX-OSGOOD, Respondent. [796 NYS2d 557]—Per Curiam. Respondent, who was admitted to practice by this Court in 1992, was suspended by this Court's order dated June 7, 1999 for failure to comply with the attorney registration requirements of Judiciary Law § 468-a (262 AD2d 702 [1999]).

Respondent now requests reinstatement on the ground that she has complied with the attorney registration requirements of

Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (*see* 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and she is ordered reinstated, effective immediately.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; DAVID P. RUSSELL, Respondent. [796 NYS2d 558]—Per Curiam. Respondent, who was admitted to practice by this Court in 1993, was suspended by this Court's order dated November 20, 1998 for failure to comply with the attorney registration requirements of Judiciary Law § 468-a (255 AD2d 827 [1998]).

Respondent now requests reinstatement on the ground that he has complied with the attorney registration requirements of Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (*see* 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and he is ordered reinstated, effective immediately.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; LAWRENCE A. GELLER, Respondent. [796 NYS2d 558]—Per Curiam. Respondent, who was admitted to practice by this Court in 1991, was suspended by this Court's order dated November 20, 1998 for failure to comply with the attorney registration requirements of Judiciary Law § 468-a (255 AD2d 827 [1998]).

Respondent now requests reinstatement on the ground that he has complied with the attorney registration requirements of Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (*see* 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and he is ordered reinstated, effective immediately.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that respondent's application is granted; and it is fur-